IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DeLaurence Robinson a/k/a DeLaurence Hoskins (R-20751),<br><br>       Plaintiff,<br><br>       v.<br><br>City of Chicago, et al.,<br><br>       Defendants. | Case No. 24 C 5233<br><br>Hon. LaShonda A. Hunt |

## ORDER

The Court has reviewed Plaintiff's amended complaint [7] pursuant to 28 U.S.C. § 1915A, and it is dismissed for failure to state a federal claim, without prejudice to Plaintiff raising any appropriate claim in the Illinois Court of Claims. This case is closed, however. The Clerk is directed to enter final judgment and send Plaintiff a copy of this order.

## STATEMENT

State prisoner DeLaurence Robinson, who filed this lawsuit under the name DeLaurence Hoskins, brings this *pro se* civil rights lawsuit, 42 U.S.C. § 1983, concerning his June 8, 2000, arrest and subsequent prosecution for aggravated unlawful use of a weapon. By order of Aug. 13, 2024, the Court dismissed Plaintiff's original complaint without prejudice for failure to state a claim. Now before the Court is Plaintiff's amended complaint for initial review.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89,

94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges the following. On June 8, 2000, when he was 17 years old, Chicago police officers "snatched" him out of his home with guns drawn while he was at a family barbeque. (Pl.'s Am. Compl., Dkt. No. 6, at pg. 6.) Plaintiff alleges that Officer Williams and a "host" of other officers pointed guns at him in a threatening manner. (*Id.* at pgs. 6-7.)

Plaintiff further alleges that officers used excessive force in arresting him when they "forcefully snatched" him from his home, dragged him down a flight of stairs, and threw him to the ground. (*Id.* at pg. 9.)

Plaintiff was charged, indicted, convicted, and sentenced for aggravated unlawful use of a weapon. (*Id.* at pg. 7.) On June 28, 2022, Plaintiff received an expungement of that conviction and a certificate of innocence. (*Id.*)

Plaintiff alleges that the statute under which he was convicted was found to be "void ab initio" (void from the beginning) [1]. (*Id.* at pgs. 7-8.) This means, he contends, that he was illegally detained by officers "who never acquired jurisdiction, and/or any probable cause, nor arrest warrant [and] no search warrant either signed by a magistrate." (*Id.* at pg. 8.) He alleges that he is "still suffering" from the effects of the unlawful conviction. (*Id.*)

Plaintiff alleges that he "never committed [a] crime" due to the statute being "void ab initio." (*Id.* at pg. 9.) Because "jurisdiction" was never acquired by the state, his arrest, detention, and prosecution were "all based on false allegations, testimony, [and] evidence [and] was a clear violation of [his] constitutional rights." (*Id.*)

Plaintiff seeks to bring claims for "illegal search and seizure" in violation of his Fourth Amendment rights against the City of Chicago, Officer Williams, and nine unidentified officers. (*Id.* at pg. 10.) He seeks to bring a claim for violation of his right to due process under the Fourteenth Amendment against the same Defendants. (*Id.*) Plaintiff also asserts claims under the Eighth Amendment for "cruel [and] unusual punishment," under the First Amendment for "violation [of] freedom of speech," and under the Fifth Amendment. (*Id.* at pg. 11.)

Plaintiff's amended complaint does not state a federal claim upon which relief may be granted.

As the Court observed in its previous screening order, the statute of limitations for § 1983 claims in Illinois is two years. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.") (citing 735 Ill. Comp. Stat. 5/13-202). Because

---

[1] Illinois' aggravated unlawful use of a weapon statute was found to be unconstitutional by the Illinois Supreme Court. *See People v. Aguilar*, 2 N.E.3d 321, 327 (Ill. 2013), holding modified by *People v. Burns*, 79 N.E.3d 159 (Ill. 2015).

Plaintiff alleges that he was 17 at the time of the incident, his claims may have been tolled until he turned 18. *See* 735 Ill. Comp. Stat. 5/13–211. But Plaintiff's lawsuit concerns events that occurred more than 24 years ago.

Generally, Fourth Amendment claims for false arrest and unlawful search accrue immediately because misconduct by the police does not (at least, need not) imply the invalidity of any particular conviction." *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014); *see Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010) ("Many claims that concern how police conduct searches or arrests are compatible with a conviction."). To the extent that Plaintiff contends that his Fourth Amendment rights were violated due to a warrantless entry into his home, such a claim accrued at the time of his arrest and is time-barred. *See Thom v. Garrigan*, No. 18-cv-368, 2019 WL 1332582, at *2 (W.D. Wis. Mar. 25, 2019) (collecting cases). The same is true as to any claim for excessive use of force. *Elcock v. Whitecotton*, 434 F. App'x. 541, 542–43 (7th Cir. 2011) (unpublished); *see Prince v. Garcia*, No. 22-cv-05703, 2024 WL 4368130, at *3 (N.D. Ill. Sept. 30, 2024) (collecting cases). Any claims stemming from Plaintiff's arrest and/or the use of force during that arrest are time-barred.

Because Plaintiff indicated in his original complaint that his conviction was expunged, the Court left open the possibility that Plaintiff might have a timely claim for violation of his rights in regard to his arrest, detention, and/or prosecution. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (claims that imply the invalidity of an intact conviction are subject to a delayed accrual rule in which the statute of limitations does not begin to run until the conviction is reversed or otherwise invalidated). The Court observed, however, that Plaintiff alleged no facts, as opposed to legal conclusions, indicating why he believed his arrest and detention was unlawful. The Court further observed that the fact that Plaintiff's conviction subsequently was expunged did not, in and of itself, make his arrest, detention, or conviction unlawful.

Plaintiff's amended complaint does not add facts that support a claim that Plaintiff's constitutional rights were violated. Rather, Plaintiff hinges his claims on his allegation that because the aggravated unlawful use of weapons statute of was "void ab initio", Defendants never acquired "jurisdiction" over him. While Plaintiff alleges that his arrest, detention, and prosecution were based on false allegations and evidence, he alleges no facts in support of these conclusory allegations. To state a claim, plaintiffs must allege enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Reynolds v. Higginbottom*, No. 19-cv-5613, 2022 WL 864537, at *1 (N.D. Ill. Mar. 23, 2022) ("Plausibility is about putting meat on the bone, from a factual standpoint."). Plaintiff has not done so.

In this regard, the Court observes, as it did in its prior screening order, that the people and entities involved in Plaintiff's 2000 arrest and prosecution cannot be held liable for acting in accordance with a then-presumptively valid statute. *See Lemon v. Kurtzman*, 411 U.S. 192, 208–209 (1972) ("state officials and those with whom they deal are entitled to rely on a presumptively valid state statute, enacted in good faith and by no means plainly unlawful"); *Thayer v. Chiczewski,* 705 F.3d 237, 247 (7th Cir. 2012) ("[A]n arrest made in good-faith reliance on an ordinance is valid regardless of a subsequent judicial determination of its unconstitutionality.") (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37–38 (1979) (officer was not required to anticipate that a court would later hold an ordinance unconstitutional in making probable cause determination).

3

For the foregoing reasons, Plaintiff has not stated a claim for violation of his rights under the Fourth or Fourteenth Amendments. The Court further observes that Plaintiff has not alleged any facts that would support a claim under the Eighth Amendment, which applies to convicted prisoners, and has no applicability to the circumstances of Plaintiff's arrest and prosecution. Plaintiff also cites the First Amendment but does not explain how he believes his freedom of speech was violated. Similarly, Plaintiff cites the Fifth Amendment, but does not explain how it applies to the circumstances of his case.

Finally, Plaintiff names the City of Chicago but alleges no facts indicating that he was injured due to a custom or policy of the city. *See Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (units of local government are responsible only for their policies, not misconduct by their workers). As such, he has not stated a claim against the city or any Defendant in their official capacity.

Plaintiff's certificate of innocence may allow him to seek relief against the State of Illinois in the Court of Claims (this Court will not opine on the timeliness or merits of such a potential claim). *See Rodriguez v. Cook County, Ill.*, 664 F.3d 627, 630 (7th Cir. 2011) (noting that "the Illinois Court of Claims entertains suits against only one entity: the state itself") (citing 705 Ill. Comp. Stat. 505/8); *see also Patrick v. City of Chicago*, 974 F.3d 824, 833 (7th Cir. 2020) ("The principal purpose of a certificate of innocence is to remove legal obstacles that prevent a wrongly convicted person from receiving relief in the Illinois Court of Claims.") (citing 735 Ill. Comp. Stat. 5/2-702(a)). But he has not alleged facts that would allow him to proceed on a § 1983 claim in this Court.

Because Plaintiff has been given an opportunity to expand upon his allegations and has not stated a federal claim, the Court concludes that further amendment would be futile. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). This case is dismissed for failure to state a federal claim, without prejudice to Plaintiff pursuing any appropriate relief in the Illinois Court of Claims. This case is closed.

Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within

28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 10/21/24 /s/ *LaShonda A. Hunt*
United States District Judge